Curia, per

Butler, J.
I did not, on the circuit, nor do I now, question the authority of the cases of Ex parte Thurman, McClane vs. Duboze, (1 Bail. 647.) It was decided in these cases, that a sheriff could be relieved from an attachment ordered against him, by having it dissolved, when he had shown that he had used all the means in his power, under the execution against the defendant, to obviate and repel the consequences of his former default; and when it appeared the loss to be suffered did not arise from his negligence, but from the absolute insolvency of the defendant in execution. There was *no negligence or contumacy imputable to the sheriff in those cases, for disobeying the positive instructions of the plaintiff, or refusing to comply with the order of the Court, to make the money, within the time limited. When a sheriff undertakes to vary from the requisitions of the law, in his mode of proceeding, and to consult his discretion and judgment, instead of obeying the mandate of the Court, he takes a position which entitles him to little favor and indulgence. A sheriff should never forget that he is a mere ministerial officer of the law, to execute, with little or no discretion, the judgment of the Court. The judgment, when pronounced, is the voice of the law, peremptory and explicit, and should be implicitly obeyed by every officer intrusted with its execution. When it shall be regarded as a reproach, that a sheriff is ruled for not making money, except in cases of controversy and absolute inability to raise it under fi. fa., there will be fewer insolvent sheriffs, and a greater confidence in legal proceedings. When an officer asks for relief and forgiveness, he should *210 either show that he has committed no wilful fault, or that he has clone every thing in his power to repair it. The sheriff, in the case under consideration, does not occupy this situation. He wilfully omitted to do his duty in the first instance, and when he was ordered to be attached for his default, instead of proceeding forthwith to make the money, within a time allowed him, and when he was required to do so by the positive instructions of plaintiff’s attorney, he delays and consults his own discretion — pursuing a course not sanctioned by the law, and one which would lead to great mischief if countenanced by this Court, that of selling at private sale, property levied on under execution.
See Connor vs. Archer, 1 Sp. 89; 2 Rich. 529. An.
We cannot look beyond the return of Wright, the attorney, and that presents a case of culpable negligence on the part of the sheriff, Throughout he seems to have been utterly indifferent to legal process, and to have taken his own irregular and illegal course. He cannot complain if the consequences are visited on him. The decision below is affirmed, and this motion dismissed.
The whole court concurred.